IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CR-107-H-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| TONY OBRIEN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Cary Police Department. Defendant did not present a third-party custodian or introduce any other evidence, although defense counsel proffered that defendant had turned himself in on the instant charges. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a four-count indictment on 8 April 2015 with: interstate transportation for prostitution on or about 6 October 2012 in violation of 18 U.S.C. § 2421 (ct. 1); use of the internet to promote prostitution on or about 25 July 2012 (ct. 2) and on or about 28

February 2013 (ct. 3) in violation of 18 U.S.C. § 1952(a)(3); and use of a telephone with the intent to commit a violent crime to further prostitution on or about 10 November 2013 in violation of 18 U.S.C. § 1952(a)(2) (ct. 4). The evidence presented at the hearing showed that the charges arise from defendant's operation of a prostitution business from 2012 to 2015. The business included solicitation of women to serve as prostitutes and solicitation of customers for the prostitutes through the Back Page website. Defendant used threats of violence against the women, actual beatings of them, and provision and withholding of illegal drugs to help control the women, including preventing them from cooperating with law enforcement. In one instance, he threatened to take the three-year-old son of a woman if she stopped working for him. Defendant would "break in" new prostitutes by taking them to Atlanta, where the sexual encounters were reportedly rougher and less lucrative than in North Carolina. The government's evidence includes victim and witness statements, advertisements in and other information from Back Pages, emails from defendant, other electronic data, jail calls by defendant, GPS tracker information, and hotel receipts.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the violent and abusive nature of the offenses charged; the circumstances of the offenses charged, including the duration of the alleged prostitution business, the large number of prostitutes involved, and the potential sentence defendant faces if convicted; defendant's criminal record, including 1 felony conviction, 16 misdemeanor convictions, probation revocations in 2 cases (including for failure to provide notice of a change in residence), violation of probation in another case by failing to report for jail time, multiple

failures to appear, and commission of 6 offenses while on probation; the danger of continued offense conduct and witness intimidation by defendant if released; defendant's marijuana habit; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's turning himself in on advice of counsel on the instant charges. It finds, however, that the factors favoring detention strongly outweigh such evidence, including with respect to flight risk, particularly in light of defendant's lack of prior experience with the federal court system.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of April 2015.

James E. Gates
United States Magistrate Judge